```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

PAMELA MADDOX                    *

          Plaintiff              *

     vs.                         *   CIVIL ACTION NO. MJG-15-1032

WELLS FARGO BANK, NA             *

          Defendant              *

*    *    *    *    *    *    *    *    *
```

MEMORANDUM AND ORDER RE: DISMISSAL

The Court has before it Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss the Complaint or in the Alternative Motion for Judgment on the Pleadings [Document 12] and the materials submitted relating thereto. The Court finds a hearing unnecessary.

I.   BACKGROUND[1]

On August 24, 2005, Plaintiff Pamela Maddox, f/k/a Pamela Nelson ("Maddox"), signed a promissory note refinancing her home at 2586 Carrington Way in Frederick, Maryland for $313,600.00

---

[1] In general, the "facts" herein are as alleged by Plaintiff and are not necessarily agreed upon by Defendant. However, the Court has relied upon the Deed of Trust and Corporate Assignment of Deed of Trust pertinent to the claims in the instant case. See Simmons v. Bank of Am., N.A., No. CIV. PJM 13-0733, 2014 WL 509386, at *1 n.1 (D. Md. Feb. 6, 2014) ("The facts alleged by Plaintiff are taken as true for the purposes of this Motion [to Dismiss] only. Because the Deed of Trust is a public record, this Court may consider it without converting the Motion into a motion for summary judgment.").

through Union Federal Bank of Indianapolis.  [Document 12-2] at 2-4.  The Deed of Trust securing the refinance loan also is dated August 24, 2005 and signed by Maddox.  The Deed of Trust names Maddox as the Borrower, Union Federal Bank of Indianapolis as the Lender, and Mortgage Electronic Registration Systems, Inc. ("MERS"), "[a]cting solely as a nominee for Lender and Lender's successors and assigns," as the Beneficiary.

On May 19, 2014, MERS "sold or otherwise transferred" the Deed of Trust to Defendant Wells Fargo Bank, N.A. ("Wells Fargo").  Compl. ¶ 2.  Maddox subsequently defaulted on the loan.  She discovered the assignment of the Deed of Trust to Defendant in the course of the foreclosure action.

On March 6, 2015, Maddox brought a Complaint against Wells Fargo in the District Court for Frederick County, Maryland for violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. Wells Fargo timely removed to this Court.

By the instant motion, Wells Fargo Bank seeks dismissal of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure[2] 12(b)(6), or alternatively, judgment on the pleadings under Rule 12(c).

---

[2]   All "Rule" references herein are to the Federal Rules of Civil Procedure.

II.  <u>DISMISSAL STANDARD</u>

A motion to dismiss filed pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint.  A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted).  When evaluating a 12(b)(6) motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff.  However, conclusory statements or "a formulaic recitation of the elements of a cause of action will not [suffice]."  <u>Id.</u>  A complaint must allege sufficient facts "to cross 'the line between possibility and plausibility of entitlement to relief.'"  <u>Francis v. Giacomelli</u>, 588 F.3d 186, 193 (4th Cir. 2009) (quoting <u>Twombly</u>, 550 U.S. at 557).

Inquiry into whether a complaint states a plausible claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  <u>Id.</u> (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009)).  Thus, if "the well-pleaded facts [contained within a complaint] do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'

3

– 'that the pleader is entitled to relief.'"[3] Id. (alteration in original)).

## III. DISCUSSION

Maddox contends that Wells Fargo violated 15 U.S.C. § 1641(g), which states that when a mortgage loan is sold or assigned to a third party, the new creditor owner or assignee of the debt must provide the borrower with written notice.

Wells Fargo contends that it is entitled to dismissal because: (1) "the transfer or assignment of a deed of trust alone fails to implicate any liability under 15 U.S.C. §

---

[3] Rule 12(c) states that "[a]fter the pleadings are closed-- but early enough not to delay trial—a party may move for judgment on the pleadings." "A 12(c) motion for judgment on the pleadings is reviewed under the Rule 12(b)(6) motion to dismiss standard." Cuthie v. Fleet Reserve Ass'n, 743 F. Supp. 2d 486, 493 (D. Md. 2010). The Court will proceed to construe Wells Fargo's motion as if it were brought under only Rule 12(b)(6) because a Rule 12(c) motion would be premature at this time. See Guthrie v. Nw. Mut. Life Ins. Co., No. DKC 09-2342, 2010 WL 3260001, at *4 (D. Md. Aug. 18, 2010) ("'[A] motion for judgment on the pleadings is plainly inappropriate here, because the pleadings have not been closed by answers from all defendants.'" (alteration in original) (citation omitted)); see also Scottsdale Ins. Co. v. Doe, No. 7:13-CV-00342, 2014 WL 3778510, at *3 (W.D. Va. July 30, 2014) ("[T]he pleadings are not closed because defendant Manges has not filed an answer to Scottsdale's complaint and no party has requested that default judgment be entered against him. Therefore, a remedy under Rule 12(c) is not available."); Nationwide Children's Hosp., Inc. v. D.W. Dickey & Son, Inc. Employee Health & Welfare Plan, No. 2:08-CV-1140, 2009 WL 5247486, at *1 (S.D. Ohio Dec. 31, 2009) ("[T]he pleadings are not closed until all defendants have filed an answer, even when one defendant has filed a motion to dismiss instead of answering.").

1641(g);" and (2) even if § 1641(g) did apply, "Wells Fargo is the servicer of [Maddox]'s mortgage and is shielded from liability pursuant to the safe-harbor provision in § 1641(f)." [Document 12-1] at 2.

In her Response to the instant motion, Maddox states that she "expects that [Wells Fargo] will argue that the [§ 1641(g)] notice provisions only apply to the sale of transfer of the actual debt (i.e., the Note)," but that "such a holding would gut and render meaningless the purpose of [§ 1641(g)]." [Document 13] at 5-6.

At least two other Judges of this Court have considered – and rejected – similar arguments from plaintiffs in Truth in Lending Act cases.[4]  See Barr v. Flagstar Bank, F.S.B., No. CIV.A. RDB-13-2654, 2014 WL 4660799, at *2 (D. Md. Sept. 17, 2014) ("[A]n assignment of only the deed of trust does not trigger the § 1641(g) disclosure requirement . . . ."); Terry v. Mortgage Elec. Registration Sys., Inc., No. 8:13-CV-00773-AW, 2013 WL 1832376, at *3 (D. Md. Apr. 30, 2013) ("The conclusion that a nominal beneficiary's assignment of its beneficial interest in a deed of trust to the holder of underlying debt fails to implicate section 1641(g) is consistent with the decisions of other district courts.").  The Court agrees with

---

[4]   Counsel for Maddox represented the plaintiffs in both of those cases.

5

the determinations reached by the other Judges of this Court – and other federal trial courts across the county, see Terry, 2013 WL 1832376, at *3 (citing cases) – and concludes that MERS' assignment of the Deed of Trust alone to Wells Fargo does not trigger the notice requirements of 15 U.S.C. § 1641(g).

Title 15 U.S.C. § 1641(g)(1) states, in pertinent part:

> not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer . . . .

A "mortgage loan" is defined as "any consumer credit transaction that is secured by the principal dwelling of a consumer." 18 U.S.C. § 1641(g)(2).

Thus, two separate actions are required to create a mortgage loan. As Judge Bennett of this Court stated in Barr v. Flagstar Bank, F.S.B., "[t]he first action is the creation of the debt through a 'consumer credit action,' while a separate action—the creation of the security instrument—is necessary to turn the debt into a mortgage loan. 2014 WL 4660799, at *3. Put more simply, in the first action, the borrower creates a debt by executing a promissory note – "'obligation to pay borrowed money'" – and in the second action, the borrower secures the debt with a deed of trust, which "'creates a lien

6

against the property as security for that obligation.'" Id. at *1 n.1 (citation omitted).

The federal regulations implementing § 1641(g) provide that a person is covered by § 1641(g) if the person "becomes the owner of an existing mortgage loan by acquiring legal title to the debt obligation, whether through a purchase, assignment or other transfer." 12 C.F.R. § 1026.39(a)(1). Accordingly, "a creditor is not the 'new owner . . . of the debt' under section 1641(g) unless the creditor acquires legal title to, or otherwise assumes, the debt underlying the mortgage." Terry, 2013 WL 1832376, at *2 (alteration in original).

An assignment of a deed of trust may trigger § 1641(g) if the assignment deed assigns both the underlying debt and the deed of trust. Flemister v. Citibank, N.A., No. CV 12-5368 CAS JCGX, 2012 WL 6675273, at *5 (C.D. Cal. Dec. 20, 2012) ("[T]he 'Corporation Assignment of Deed of Trust' contains language that 'assigns' plaintiffs' note and 'the money due and to become due thereon with interest' to Citibank. Therefore, even if Citibank is not subject to liability as the 'owner' of the debt, it still is a 'creditor' within the meaning of the statute because it is the 'assignee' of the debt." (emphasis added) (internal citation omitted)).

Here, however, the Deed of Trust states that MERS is the nominee of Lender Union Federal Bank of Indianapolis and "the

7

beneficiary under th[e] Security Instrument [Deed of Trust]." [Document 12-2] at 3.  A "beneficial interest" is "'[a] right or expectancy in something . . . as opposed to legal title to that thing."' Terry, 2013 WL 1832376, at *2 (alterations in original) (quoting Black's Law Dictionary 885 (9th ed. 2009)).  MERS did not acquire legal title to the underlying debt obligation in the Deed of Trust.  Moreover, MERS assigned only its "interest under the Deed of Trust" to Wells Fargo.  See [Document 13] at 10-11.  Therefore, MERS was not required under § 1641(g) to provide notice to Maddox of the assignment of the deed of trust.[5]

IV.   CONCLUSION

   For the foregoing reasons:

   1.   Defendant Wells Fargo Bank's Motion to Dismiss is GRANTED.
   2.   Judge shall be issued by separate Order.

   SO ORDERED, on Thursday, July 02, 2015.

                              /s/
                     Marvin J. Garbis
                  United States District Judge

---

[5] "Since an assignment of only the deed of trust does not trigger the § 1641(g) disclosure requirement, this Court will not reach the question of whether the 'safe harbor' provided by § 1641(f) would apply." Barr v. Flagstar Bank, F.S.B., No. CIV.A. RDB-13-2654, 2014 WL 4660799, at *2 (D. Md. Sept. 17, 2014).